UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VEENA SHARMA,<br>        Plaintiff,<br><br>v.<br><br>STUART COLE, Trustee of County Mortgage Trust,<br>        Defendant. | CIVIL ACTION<br>No. 23-12135-TSH |

**MEMORANDUM OF DECISION AND ORDER**
**November 7, 2023**

**HILLMAN, S.D.J.**

**Background**

Veena Sharma ("Plaintiff" or "Sharma"), proceeding *pro s*e, has filed a Complaint against Stuart Cole, Trustee of County Mortgage Trust ("Defendant" or "Cole") alleging that Cole engaged in fraudulent activity in violation of 18 U.S.C. §1001 (making false and misleading statements), 18 U.S.C. § 1343 (wire and mail fraud), 18 U.S.C. §471 (forgery), 18 U.S.C. §3282 (grand larceny or grand theft), 18 U.S.C. § 1028 (identity theft law), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1621 (perjury), and 18 U.S.C. § 1010 (making of a false statement to the Department of Housing and Urban Development). Sharma also alleges that Cole violated the "Equal Credit Opportunity Act" (by imposing an unscrupulous mortgage with high interest rates, fees, charges and penalties on first generation elderly immigrants) and the "SAFE Act" (because he was not properly licensed).  In her opposition to Cole's motion to dismiss and contrary to the clear allegations in her Complaint, Sharma argues that she is not asserting claims against him for violation of federal criminal law, rather she is asserting that he violated "FERA"

by engaging in fraudulent activity in connection with a loan he made to she and her husband in 2005.[1] Sharma asserts that this Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question jurisdiction).

Sharma has filed an emergency motion for preliminary injunction pursuant to which she seeks to enjoin Cole from foreclosing on property which constitutes her "primary" residence. The foreclosure is presently scheduled for November 9, 2023.

This Memorandum of Decision and Order addresses Defendant's Motion to Dismiss (Docket No. 9), and the Plaintiff's Emergency Motion for Injunctive Relief (Docket No. 11). For the reasons set forth below, Defendant's motion to dismiss is *granted*, with prejudice, and Plaintiff's motion for injunctive relief is *denied*, as moot.[2]

## Facts

Given the posture of the case and the claims asserted by Sharma, a brief summary of the facts will suffice. The facts are taken from the Complaint and are stated in a light most favorable to the Plaintiff.

On January 13, 2005, Sharma and her husband, Tej Sharma[3], obtained a loan in the amount of $150,000 (the "Loan") from Cole who is the Trustee of County Mortgage Trust. Sharma and her husband purportedly signed a promissory note (the "Note") in the amount

---

[1] As a *pro se* litigant, Sharma is entitled to liberal review of her pleadings. In her Complaint, Sharma has asserted claims against Cole for violation of the above-listed criminal statutes and for violation of the "Equal Credit Opportunity Act" and "SAFE Act". It is also possible to discern state law tort claims for fraud and misrepresentation. However, even under a liberal reading of the pleading, the Court does not find that Sharma asserted any claims against Cole for violation of FERA. Nevertheless, for purposes of this opinion only, the Court will assume that the Complaint includes a such a claim.

[2] Given the nature and circumstances of this case and considering that the parties had a fair opportunity to present relevant facts and arguments to the Court, and to counter the opponent's submissions, the Court has determined that this matter is appropriate for resolution on the papers. *See Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir. 1988)(while an evidentiary hearing and/or oral argument is the norm for Rule 65 proceedings, it is not required).

[3] Sharma's husband, who is a signatory on all the documents relevant to her claims, is not a party to this action.

$150,000 pursuant to which they agreed to an interest rate of 14.9% per annum. They also purportedly signed a mortgage (the "Mortgage") in favor of Cole pursuant to which they pledged as security for the Loan a residential property located at 10 Wedgewood Drive, Andover, Massachusetts (the "Property"), and a property located at 14 Longwood Drive, Andover, Massachusetts. Sharma alleges that Cole engaged in unscrupulous conduct in connection with the Loan, including fraudulently and secretly increasing the amount borrowed, fabricating and altering documents, and/or forging the signatures of she and her husband on various documents including the Note and Mortgage. She further alleges that Cole engaged in predatory lending by charging an extraordinarily high interest rate and overcharging for costs and fees related to the Loan and Mortgage.

## Discussion

The Court has before it Defendant's motion to dismiss the Complaint for failure to state a plausible claim for relief, and Plaintiff's motion to enjoin Defendant's foreclosure of the Property. Defendant's motion to dismiss was filed first in time and allowance of that motion would moot the need to address Plaintiff's request for a preliminary injunction. Accordingly, the Court will first address Defendant's motion and then, if necessary, Plaintiff's entitlement to a preliminary injunction.

### Cole's Motion To Dismiss

Cole has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a plausible claim. More specifically, Cole argues that Sharma has asserted claims against him for violation of federal criminal statutes for which there is no private cause of action and therefore, her Complaint must be dismissed.

Sharma asserts that this Court has jurisdiction over her Complaint under 28 U.S.C. § 1331 (federal question jurisdiction).[4] "Courts can never assume the existence of subject-matter jurisdiction, but rather must make an affirmative decision as to its existence. … ". *Chaturvedi v. Siddharth*, No. 20-11889-FDS, 2021 WL 664129, * 2 (D.Mass. Feb. 19, 2021). "As a general matter, federal courts have subject matter jurisdiction over cases involving diversity of citizenship or cases arising under federal law." *Id.* (citing 28 U.S.C. §§ 1331,1332). A plaintiff's assertion of federal claims entirely devoid of merit calls into question the existence of federal question jurisdiction. *Id.* Where a federal claim is sufficiently colorable, the Court may exercise jurisdiction.

Standard of Review

The Court must first analyze whether Sharma has alleged federal claims which are sufficiently viable to confer subject matter jurisdiction over this action. As to potentially colorable claims, the Court will simultaneously determine whether such claims survive a Rule 12(b)(6) motion to dismiss.[5] To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a pleading must allege a plausible entitlement to relief that gives the opposing parties fair notice of the claim and the grounds on which it rests. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The plausibility inquiry requires the court to distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012). The Court must determine

---

[4] Section 1331, which governs federal question jurisdiction, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[5] While the discussion may at times be blurred, *see Chaturvedi*, 2021 WL 664129 at *2 (case law as to "dichotomy" between lack of subject-matter jurisdiction and failure to state a claim is often confused and inconsistent), the outcome would be the same regardless. That is, the Court would find that Sharma has failed to state any plausible federal claims against Cole even if her allegations are sufficient to state a "colorable" claim for jurisdictional purpose.

whether the well-pled facts, taken as true, are sufficient to support "the reasonable inference that the defendant is liable for the misconduct alleged." *Haley v. City of Boston,* 657 F.3d 39, 46 (1st Cir. 2011) (citation to quoted case omitted).

<u>Whether the Court has Subject-Matter Jurisdiction over Plaintiff's Complaint/Whether Plaintiff has Stated a Plausible Claim for Relief</u>

*Whether this Court has Federal Question Jurisdiction Overs Sharma's Claims*

Sharma alleges that Cole engaged in fraudulent activity in connection with the Loan he made to her and her husband in 2005, including allegations that he committed fraud by forging, fabricating and/or altering the Note and Mortgage purportedly signed by them. Sharma asserts claims against Cole under various federal statutes (referenced above) that criminalize fraudulent activity. However, none of the statutes pursuant to which Sharma brings her claims provide for private causes of action. Accordingly, such claims must be dismissed and because they are completely without merit, cannot serve as a basis for this Court's exercise of jurisdiction over this action. *See Chaturvedi v. Siddharth*, No. 20-11889-FDS, 2021 WL 664129 (D.Mass. Feb. 19, 2021);  Harris *v. New Rez, LLC*, No. 221CV01604KJMCKDPS, 2022 WL 184000, at *4 (E.D. Cal. Jan. 20, 2022), *appeal dismissed sub nom. Harris v. Shellpoint Debt Collecting Co.,* No. 22-15164, 2022 WL 18575708 (9th Cir. Sept. 22, 2022), and *report and recommendation adopted sub nom. Harris v. Shellpoint Debt Collecting Co.*, No. 221CV01604DADCKDPS, 2022 WL 16836576 (E.D. Cal. Nov. 9, 2022);  *Doyle v. Falmouth Town Council*, 2:15-cv-00215-JDL, 2016 WL 3248211 (D.Me. Jun. 13, 2016) and *report and recommendation adopted* 2:15-cv-00215-JDL, 2016 WL 3892374 (D.Me. Jul. 14, 2016).

Sharma contends in her opposition that she is not suing Cole for violation of federal criminal law, rather she is asserting that he committed mortgage fraud in violation of "FERA," which is commonly understood to refer to the Fraud Enforcement and Recovery Act of 2009

5

("FERA"), Pub.L. No. 111–21, § 4(f)(1), 123 Stat. 1617 (2009). FERA amended several civil and criminal anti-fraud statutes, and its stated purpose was to punish those who commit fraud against *the government*. Specifically, FERA amended and enlarged portions of the False Claims Act ("FCA"), 31 U.S.C. § 3129 *et seq.* Additionally, FERA included amendments to several criminal statutes, *see* FERA § 2 (amending the false statements in mortgage applications statute (18 U.S.C. § 1014), the major fraud against the government statute (18 U.S.C. § 1031), the federal securities fraud statute (18 U.S.C. § 1348), and the federal money laundering statute (18 U.S.C. §§ 1956, 1957)).

To the extent that Sharma is seeking to sue Cole under the FCA, FERA had the effect of bringing within the scope of that act false claims made to intermediaries or other private entities that either implement government programs or use government funds. *See Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1205-06 (9th Cir. 2009), *as amended on denial of reh'g and reh'g en banc* (Jan. 6, 2010) (citations omitted)(purpose of FCA is to discourage fraud against government by imposing civil liability on any person who knowingly uses false record or statement to get false or fraudulent claim paid or approved by government and any person conspiring to defraud government by getting false or fraudulent claim allowed or paid). "Under the FCA, a private citizen may bring an action on behalf of the government and in the name of the government as a relator. 31 U.S.C. § 3730(b). Although FERA permits civil actions by private persons for violations of 31 U.S.C. § 3729, such actions are subject to strict procedural requirements including a heightened pleading standard." *Harris*, 2022 WL 184000, at *3. Sharma fails to meet substantially all the prerequisites to bringing such a claim. First, she does not meet the heightened pleading standard required of such a claim and has not complied with the myriad of procedural requirements. Moreover, Sharma does not bring this action *on behalf of*

*the government*, rather she alleges only that Cole defrauded her individually. *See id.* Finally, she is bringing this action *pro se*—a litigant bringing such an action *must* be represented by counsel. Accordingly, to the extent that Sharma is alleging a claim against Cole pursuant to the FCA, she has failed to assert a viable claim under FERA. *See also May, v. Packer, et al.,* No. 19-CV-06519(KAM)(LB), 2020 WL 2219210, at *2 (E.D.N.Y. May 6, 2020)(FCA, as amended by FERA, allows private persons called "relators" to bring civil actions against mortgage lenders for violations of false claim provisions of financial crimes. Such actions must be brought in the government's name and initiation of such suit must begin with copy of complaint and written disclosure of substantially all material evidence and information person possesses being served on government. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on defendant until the court so orders); *White v. Wells Fargo Home Mortg.*, No. 216CV1449TLNGGHPS, 2016 WL 4192434, at *2 (E.D. Cal. Aug. 9, 2016)(although FERA permits civil actions by private persons for violations of 31 U.S.C. § 3729, such actions are subject to strict procedural requirements, including that plaintiff must file a *qui tam* action which in turn requires her to be represented by counsel, and file *in camera*)[6].

Given that the provisions of the FCA clearly do not apply to Sharma's claims, to the extent that she is asserting claims under FERA, the inescapable conclusion is that she is asserting those claims pursuant to the criminal statutes amended by FERA—the same criminal statutes she references in her Complaint. As stated previously, Sharma cannot bring a private cause of action pursuant to the referenced criminal statutes. *See Kallon v. M&T Bank,* No. CV TDC-17-2752,

---

[6] While the Court has not found a reported opinion in which the First Circuit has held that a *pro se* plaintiff cannot pursue a claim under the FCA, the First Circuit has held in multiple unreported opinions that the plaintiff in such a case must be represented by counsel. *See United States v. Trustees of Tufts Coll.,* No. 19-1381, 2019 WL 9524094 (1st Cir. Dec. 12, 2019)(and case cited therein).

2018 WL 1997252, at *2 (D. Md. Apr. 27, 2018)(only identified statutory basis for these claims, FERA, does not provide viable cause of action based on these facts. FERA amended certain criminal statutes relating to false statements in mortgage applications that are inapplicable to this civil case, and therefore, plaintiff has not stated a plausible statutory claim). Accordingly, assuming that Sharma has asserted claim(s) for violation of FERA (a dubious proposition), such claim(s) are not viable and cannot serve as a basis for this Court's exercise of subject-matter jurisdiction.

Sharma also alleges that Cole violated the Equal Opportunity Credit Act ("EOCA"), 15 U.S.C. § 1691 *et seq*. Section 1691(a) of the ECOA provides in pertinent part that:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
>
> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
>
> **(2)** because all or part of the applicant's income derives from any public assistance program; or
>
> **(3)** because the applicant has in good faith exercised any right under this chapter.

15 U.S.C.A. § 1691.

Sharma's allegations regarding this claim are as follows:

> Federal law protects consumers against predatory lenders This law makes it illegal for a lender to impose high interest rates or higher fees based on a person's race color, religion, sex or age.
> Stuart N. Cole imposed a [sic.] unscrupulous mortgage with very high interest rates, fees, charges and penalties on first generation elderly immigrants.

*See Complaint Allegations*, Attachment 1 to Complaint, at p. 19 (Docket No. 1-1)("*Comp. Attach.*"). Conclusory allegations which simply parrot the statute and do not allege essential supporting facts fail to state a plausible claim under *Iqbal* and *Twombly*. Moreover, while the Court makes no finding as to whether such a claim has been brought in a timely manner, I note

that such action shall be brought no later than 5 years after the date of the occurrence of the violation. 15 U.S.C.A. § 1691e(f). Accordingly, Sharma fails to state a plausible claim for violation of the ECOA. While it is a closer call, I find that Sharma's asserted claim is devoid of merit and cannot support the Court's exercise of jurisdiction over this action.

Sharma further alleges a claim against Cole for violation of the "SAFE Act". More specifically, she asserts:

> "[s]ecure and fair enforcement for mortgage licensing act, SAFE ACT requires the licensure of any person who takes a residential mortgage loan application loan [sic] for compensation. Stuart No. Cole was not a licensed mortgage lender in 2005 when he fraudulently imposed a mortgage on my house. He was just a Loan Shark who acted unlawfully."

*Comp. Attach.*, at p. 20.

Even if the Court were to find Sharma's conclusory allegation set forth the essential elements a claim under the SAFE Act, there is no private cause of action under that statute and therefore, this claim is also devoid of merit and cannot serve as the basis for this Court's exercise of jurisdiction over this action. *See Saad Maura v. Scotiabank Puerto Rico*, No. CV 17-2263 (DRD), 2019 WL 13205043, at *5 (D.P.R. Sept. 30, 2019); *Murphy v. Bank of N.Y. Mellon*, No. 14-cv-2030, 2014 U.S. Dist. LEXIS 118503, at *17-18 (N.D. Cal. Aug. 25, 2014) (SAFE Act does not create a private right of action).

Since Sharma has not asserted any viable federal claims, this Court lacks subject-matter jurisdiction over this action and it must be dismissed unless another basis for exercising jurisdiction is evident on the face of the Complaint. The Court has found that read liberally Sharma's Complaint could be interpreted to assert state tort claims and, therefore, I will briefly address whether the Court may exercise jurisdiction pursuant to 28 U.S.C. § 1332 (complete diversity between the parties).

9

*Diversity Jurisdiction/State Law Fraud Claims*

Sharma has made factual allegations of fraud and misrepresentation against Cole in regard to the Loan and Mortgage which can be read liberally to assert state law tort claims for fraud, misrepresentation and the like. For the Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiff's state citizenship must be completely diverse from that of the defendant, and the amount in controversy must exceed $75,000. In this case, Sharma has alleged only federal question jurisdiction. Moreover, on the face of the Complaint, it is appears that she and Cole are both citizens of Massachusetts. In any event, it is the plaintiff's burden to allege, in the pleadings, the facts essential to show proper and complete diversity jurisdiction in order to maintain standing in federal district court. Sharma has failed to do so.[7]

For the reasons set forth above, Sharma's Complaint must be dismissed for lack of subject-matter jurisdiction. Accordingly, for the reasons stated, the Defendant's motion to dismiss is *granted*.

**Plaintiff's Motion for Preliminary Injunction**

Sharma seeks to enjoin the foreclosure action currently scheduled with respect to the Property on November 9, 2023. The Court has determined that it lacks subject-matter jurisdiction over Sharma's Complaint, and it necessarily follows that jurisdiction is thereby lacking over Sharam's motion for preliminary injunction. Moreover, even if a reviewing court were to determine that Sharma asserted a colorable claim under the ECOA (and therefore the exercise of

---

[7] The Court has found that Sharma has failed to state a viable/colorable claim with respect to all her asserted federal causes of action and therefore, the Court lacks subject-matter jurisdiction over her Complaint. Accordingly, it is not necessary to address Cole's argument that her Complaint is barred by principles of *res judicata* (the United States Bankruptcy Court's (Katz, J) recently granted Cole's motion for relief from the automatic stay relating to the foreclosure of the Property and denied a subsequent motion to stop the foreclosure, and many, if not all, of the issues raised by Sharma have been addressed to her detriment in various prior state court actions).

jurisdiction is appropriate), her allegations fail to state a plausible claim for violation of that statute. Accordingly, Plaintiff's motion for preliminary injunction is *denied*, as moot.

## Conclusion

1. Defendant's Motion to Dismiss (Docket No. 9) is ***granted***, with prejudice[8]; and

2. Plaintiff's Emergency Motion For Injunctive Relief (Docket No. 11) is ***denied***, as moot.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
SENIOR DISTRICT JUDGE

---

[8] Leave to amend is "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the deficiencies in Sharma's Complaint cannot be cured and therefore, any further amendment would be futile. Accordingly, the dismissal is with prejudice.